**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARTIN L. GOINS, | Civil No. 06-1920(KSH) |
| Plaintiff, | |
| v. | OPINION |
| BERGEN COUNTY PROSECUTOR'S, OFFICE, et al., | |
| Defendants. | |

**APPEARANCES:**

> MARTIN L. GOINS,#D-32404, <u>Pro Se</u>
> Bergen County Jail
> 160 S. River Street
> Hackensack, New Jersey  07601

<u>**HAYDEN**</u>, <u>District Judge</u>

Plaintiff Martin L. Goins, a prisoner confined at Bergen County Jail, seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty and prison account statement, this Court grants Plaintiff's application to proceed <u>in forma pauperis</u>. <u>See</u> 28 U.S.C. § 1915(a). Having screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court dismisses the Complaint without prejudice because Plaintiff's claims have not accrued.

**I.  BACKGROUND**

Plaintiff sues the Bergen County Prosecutor's Office, Assistant Prosecutor Heather Suffin, and Detective Laurie

Schwizer. He asserts that Assistant Prosecutor Suffin prosecuted him for an unspecified crime. He avers that during the trial from March 14 through March 23, 2006, Suffin introduced fabricated evidence (a blood-stained shirt) which she failed to provide in discovery. Plaintiff alleges that Detective Schwizer conspired with Suffin to have this fabricated evidence admitted against him at his criminal trial. He contends that Defendants violated his constitutional rights and the rules of professional conduct. He asks this Court to vacate the criminal charges and sentence, and to criminally prosecute Defendants.

## II. LEGAL STANDARD

The *in forma pauperis* statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6.

### III. DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

3

>  suit in equity, or other proper proceeding
>  for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all.'" Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433. The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's allegations, the Court reads the Complaint as challenging his conviction and criminal sentence because the conviction was obtained through the admission of fabricated evidence in violation of due process of law under the Fourteenth Amendment of the United States Constitution.

Plaintiff seeks to vacate his conviction and sentence, but the exclusive federal remedy for an inmate challenging his conviction, or the fact or duration of his confinement, is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies. See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." [1] Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks damages, or declaratory and injunctive relief short of release, his claims have not accrued because a favorable judgment on his federal claim would necessarily imply the invalidity of his criminal conviction. See Muhammad v. Close, 540 U.S. 749 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court held in Heck that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the

---

[1] A prisoner challenging a state conviction or sentence must present his federal claims to all three levels of the New Jersey courts before filing a habeas corpus petition under 28 U.S.C. § 2254, and must satisfy the one-year statute of limitations, see 28 U.S.C. § 2244(d)(1).

litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Muhammad, 540 U.S. at 751; Heck, 512 U.S. at 486-7. Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Muhammad, 540 U.S. at 751.

Plaintiff's allegations in the instant Complaint do not indicate that his conviction has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Thus, his federal claims are not cognizable under § 1983 at this time.[2]

### IV. CONCLUSION

The Court grants in forma pauperis status and dismisses the Complaint without prejudice.

KATHARINE S. HAYDEN, U.S.D.J.

Dated: 5/17/06 , 2006

---

[2] Even if Plaintiff's claims had accrued, a prosecutor is absolutely immune from suit for initiating and pursuing a criminal prosecution. See Kalina v. Fletcher, 522 U.S. 118, 129 (1977).